**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **GEORGE PENNINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION NO. 5:23-cv-44 (MTT) |
| | ) | |
| **BOARD OF TRUSTEES OF THE** | ) | |
| **GEORGIA MILITARY COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Board of Trustees of the Georgia Military College ("GMC") moved to dismiss plaintiff George Pennington's complaint based on sovereign immunity.  Doc. 2. For the following reasons, the Court *sua sponte* **STAYS** this action pending a decision by the Georgia Court of Appeals in *The Augusta Judicial Circuit Office of the Public Defender v. Necia Hodge-Peets*.  No. A23A1467 (Ga. Ct. App. May 8, 2023).[1]

### I. BACKGROUND

On December 29, 2022, Pennington filed suit in Baldwin County, Georgia Superior Court alleging GMC discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Georgia Fair Employment Practices Act ("FEPA").  Doc. 1-2.  On February 1, 2023, GMC removed the case to this Court based on federal question jurisdiction.  Doc. 1.  GMC then moved to dismiss based on (1) sovereign immunity, and (2) failure to state a claim.  Doc. 2.

---

[1] The filings in *Hodge-Peets* are not yet public records.  However, the case docket can be accessed at https://www.gaappeals.us/wp-content/themes/benjamin/docket/results_one_record.php?docr_case_num= A23A1467.

Pennington agrees dismissal of his FEPA claim for failure to comply with the statutory prerequisites is proper. *Id*. at 17-18; Doc. 4 at 9-10. Thus, the only claim remaining is Pennington's ADEA claim.

GMC argues that dismissal of Pennington's ADEA claim is warranted under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because it is barred by sovereign immunity.[2] Doc. 2. In opposition to dismissal, Pennington argues that Georgia has waived its sovereign immunity as to ADEA claims. Doc. 4 at 5-8. Pennington's argument relies upon *Williamson v. Department of Human Resources*. 258 Ga. App. 113, 572 S.E.2d 678 (2002).

In *Williamson*, the plaintiff brought, among others, an ADA claim against two state defendants, the Georgia Department of Human Resources and the Georgia Regional Hospital. *Id*. at 113-114, 572 S.E.2d at 679-80. The defendants, in state court, moved to dismiss based on sovereign immunity. *Williamson*, 258 Ga. App. at 114-15, 572 S.E.2d at 680. The plaintiff argued dismissal on sovereign immunity grounds was not appropriate because "the state had waived sovereign immunity as to disability discrimination claims filed by state employees by enacting" FEPA, which protects an individual against disability discrimination by their state employer.[3] *Id*. at 115, 572 S.E.2d at 680; O.C.G.A. § 45-19-29. The Georgia Court of Appeals agreed with the plaintiff and held sovereign immunity does not bar the plaintiff's ADA claim:

---

[2] GMC also argues dismissal is warranted because Pennington fails to state a claim. Doc. 2 at 14-15. However, whether GMC is entitled to sovereign immunity is an issue of subject matter jurisdiction. And without jurisdiction, the Court is "powerless to consider the merits." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (internal quotation marks and citation omitted). Thus, it is presently improper to determine whether Pennington has failed to state a claim.

[3] FEPA also protects against discrimination based on an individual's race, color, religion, national origin, sex, or age. O.C.G.A. § 45-19-29.

> Because, in the FEPA, the state by legislative act waived its sovereign immunity as to state disability discrimination claims by its employees, *the state may not selectively cloak itself in sovereign immunity as to federal disability discrimination claims by its employees*.  To do so would discriminate against federally based rights which the Supremacy Clause of the Constitution of the United States forbids states to do.  Accordingly, the trial court erred in granting the Department's motion and dismissing Williamson's ADA claim on the basis that the claim was barred by sovereign immunity.

*Williamson*, 258 Ga. App. at 116, 572 S.E.2d at 681-82 (emphasis added).  The defendants appealed, and the Georgia Supreme Court denied certiorari.  Because FEPA also provides a remedy for employees who experience age discrimination, Pennington argues that the holding in *Williamson* would necessarily apply to his ADEA claim against GMC.  Doc. 4 at 6-9; O.C.G.A. § 45-19-29; *see Ga. Mil. Col. v. Santamorena*, 237 Ga. App. 58, 59, 514 S.E.2d 82, 84 (1999) ("As a state institution, GMC is entitled to sovereign immunity except to the extent sovereign immunity has been waived.").

GMC does not ignore the holding of *Williamson*.  Doc. 2 at 10.  Rather, GMC argues that *Williamson* was wrongly decided.  *Id*. at 10-14; Doc. 5 at 2-5.  According to GMC, "the *Williamson* Court misapplied federal case law and issued an extremely broad ruling."  Doc. 2 at 10-14.

Pending currently before the Georgia Court of Appeals is *The Augusta Judicial Circuit Office of the Public Defender v. Necia Hodge-Peets*, No. A23A1467.  In that case, the plaintiff brought an ADA claim against the Augusta Judicial Circuit Office of the Public Defender ("Augusta PD Office").  The Superior Court of Richmond County denied the Augusta PD Office's motion to dismiss based on sovereign immunity because of the *Williamson* decision.  The Georgia Court of Appeals granted the

Augusta PD Office's application for interlocutory appeal.  On appeal, the Augusta PD Office requests the Georgia Court of Appeals reverse *Williamson* and vacate the trial court's denial of its motion to dismiss.[4]

## II. STANDARD

Because "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," they retain "broad discretion to stay proceedings."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort.").

## III. DISCUSSION

"A variety of circumstances may justify a district court stay pending the resolution of a related case in another court."  *Ortega Trujillo v. Conover & Co. Comms., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).  "When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay."  *Id*.  Thus, "[a] stay must not be immoderate." *Id*. (internal quotation marks and citation omitted).  To ensure that the stay is moderate, courts must "examine both the scope of the stay (including its potential duration) and the reasons … for the stay."  *Id*.; *see also Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 649 (11th Cir. 2022).

---

[4] Upon initial receipt of the defendant's appeal, the Georgia Court of Appeals transferred the case to the Supreme Court of Georgia.  *Hodge-Peets*, No. A22I0122 (Ga. Ct. App. Jan. 24, 2022).  The Supreme Court of Georgia returned the case to the Georgia Court of Appeals.  *Id*.

**A. Scope of the Stay**

"Generally speaking, a stay is not 'immoderate' or 'unlawful' if it is designed so that its force will be spent within reasonable limits."  *Marti*, 54 F.4th at 649 (cleaned up); *Landis*, 299 U.S. at 257.  The Eleventh Circuit has held that stays of an indefinite period are unreasonable.  *Marti*, 54 F.4th at 651; *see CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288-89 (11th Cir. 1982); *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1524 (11th Cir. 1984); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1169 (11th Cir. 2007).   Here, that is not the case.  Oral argument in *Hodge-Peets* is scheduled for September 2023—approximately two months away.  Georgia Court of Appeals, Docket Search, Case Number: A23A1467, https://www.gaappeals.us/wp-content/themes/benjamin /docket/results_one_record.php?docr_case_num=A23A1467 (last visited July 14, 2023).

Moreover, Georgia Court of Appeals Rule 12 provides that "[c]ases docketed to a specific term must be decided before the expiration of the following term."  Georgia Court of Appeals, 2023 Rules, https://www.gaappeals.us/rules-11-15/ (last visited July 14, 2023).  The *Hodge-Peets* case is docketed to the August 2023 term.  Georgia Court of Appeals, Docket Search, Case Number: A23A1467, https://www.gaappeals.us/wp-content/themes/benjamin/docket/results_one_record.php?docr_case_num=A23A1467 (last visited July 14, 2023).  Therefore, *Hodge-Peets* will conclude before the expiration of the December 2023 term, on March 31, 2024—a definite date, not an "indefinite period."  Georgia Court of Appeals, 2023 Rules, https://www.gaappeals.us/rules-11-15/ (last visited July 14, 2023).  And although the case will be stayed in its entirety, "its force

will be spent within reasonable limits"—around eight months *at the most*.  *Marti*, 54

F.4th at 649.  Thus, the Court finds that the scope of the stay is reasonable.

## B. Reason for the Stay

The reason for the stay also demonstrates that it is moderate.  Pennington

argues dismissal is not appropriate based on the Georgia Court of Appeals' decision in

*Williamson*.  Doc. 4 at 6-9.  GMC, in response, argues *Williamson* was wrongly decided

and that the Court should find it is entitled to sovereign immunity.  Docs. 2 at 10-14; 5 at

2-5.  Indeed, GMC's arguments are substantially similar to the state's argument in

*Hodge-Peets*.  Thus, the Court's decision on GMC's motion to dismiss rests entirely on

whether *Williamson* is good law—a question that will be answered by the Georgia Court

of Appeals in *Hodge-Peets*.  No. A23A1467 (Ga. Ct. App. May 8, 2023).

If the Court did not enter a stay, it would have two options: (1) find that

*Williamson* was wrongly decided, that GMC is entitled to sovereign immunity, and grant

GMC's motion to dismiss, or (2) follow *Williamson*, hold that GMC is not entitled to

sovereign immunity, and deny its motion to dismiss.  Option one requires the Court to

make a determination better left to the Georgia Court of Appeals and also requires the

Court to find that the Georgia Supreme Court would have decided *Williamson*

differently.  *See Versiglio v. Bd. Of Dental Exam'rs of Ala.*, 686 F.3d 1290, 1292-93

(11th Cir. 2012); *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690

(11th Cir. 1983) ("A federal court applying state law is bound to adhere to decisions of

the state's intermediate appellate courts absent some persuasive indication that the

state's highest court would decide the issue otherwise.").  Option two may lead to an

inefficient use of the parties' and the Court's resources—if the Georgia Court of Appeals

overrules *Williamson*, the Court would most likely have to dismiss the case for a lack of subject matter jurisdiction while Pennington and GMC are in the midst of discovery. Neither option is a more efficient or expedient use of the Court's time or effort than staying the case.[5]

In any event, the Eleventh Circuit has held that an "excellent" reason for a district court to stay a case is "to await" an "appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. V. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir 2009); *see also Ortega Trujillo*, 221 F.3d at 1264; *Marti*, 54 F.4th at 648. Thus, this factor weighs in favor of staying the case.

## IV. CONCLUSION

For the foregoing reasons, this action is **STAYED** pending the Georgia Court of Appeals' decision in *The Augusta Judicial Circuit Office of the Public Defender v. Necia Hodge-Peets*. No. A23A1467 (Ga. Ct. App. May 8, 2023).

**SO ORDERED**, this 19th day of July, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] It is worth noting that *Williamson* has led to differing results in Georgia district courts. *Compare Jones v. Ga. Dep't of Corrs.*, 2008 WL 779326, at *3 (N.D. Ga. Mar. 18, 2008); *Musson v. Jones*, 2023 WL 2587490, at *2 (S.D. Ga. Mar. 21, 2023) *with Echols v. Ga. Piedmont Tech. Coll.*, 2021 WL 1521987 (N.D. Ga. Jan. 22, 2021) *recommendation adopted in part, rejected in part by* 2021 WL 870717 (N.D. Ga. Mar. 9, 2021); *Sanford v. Ga. Dep't. of Pub. Safety*, 2021 WL 3073696, at *9-10 (N.D. Ga. June 7, 2021) *recommendation adopted* No. 1:20-cv-4532, Doc. 28 (N.D. Ga. Aug. 18, 2021); *Westbrooks v. Ga. Dep't. of Hum. Servs.*, 2020 WL 426493, at *2 (M.D. Ga. Jan, 27, 2020); *Ferst v. Norton*, 2009 WL 927945, at *3-4 (M.D. Ga. Mar. 30, 2009); *Jackson v. Oconee Cmty. Serv. Bd.*, 2006 WL 1652236, at *2-3 (M.D. Ga. 2006); *Walker v. Georgia*, 2005 WL 8154325, at *8-9 (N.D. Ga. Aug. 8, 2005) *recommendation adopted* 2005 WL 8154326 (N.D. Ga. Sept. 23, 2005). These cases illustrate the necessity of the stay.