IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE PENNINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-cv-44 (MTT) |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| GEORGIA MILITARY COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

**ORDER**

Defendant Board of Trustees of the Georgia Military College ("GMC") moves to dismiss plaintiff George Pennington's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing it is entitled to sovereign immunity, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 2. Because GMC is entitled to sovereign immunity, its motion (Doc. 2) is **GRANTED**.

**I. BACKGROUND**

**A. Factual Background**

Beginning in May 2017, Pennington worked in GMC's engineering department as an electrician. Doc. 1-2 ¶ 11. He transferred to the information technology ("IT") department's help desk in October 2018. *Id*. ¶¶ 12, 21. Pennington was "the oldest employee" in his department. *Id*. ¶ 28.

"[I]n or around spring 2020, there had been some conversation about [GMC] laying off some of its employees." *Id*. ¶ 24. "[A]round that time, [GMC] began making

[Pennington's] work more difficult." *Id*. ¶ 25.  Additionally, Pennington's coworkers and supervisors "routinely and frequently subjected" him "to jokes and comments … concerning his age."  *Id*. ¶ 28.  For example, they would call him "old man."  *Id*. ¶ 29.

On April 29, 2021, GMC told Pennington his position was "being eliminated" and he was terminated on April 30, 2021.  *Id*. ¶¶ 30, 50.  Pennington's position was one of 60 eliminated, but no other IT employee was terminated.  *Id*. ¶¶ 31, 32.  Twenty-three of the "eliminated positions were held by individuals who were at least 40 years of age."  *Id*. ¶ 33.  "[D]espite his separation," GMC informed Pennington it "would assist … in obtaining a new position for which he qualified" and "even stated that [he] was eligible for rehire."  *Id*. ¶ 36.  However, Pennington eventually signed a settlement agreement and general release that "required [him] to promise that he would never seek employment from [GMC] in the future."  *Id*. ¶¶ 39, 47.  That agreement also required Pennington to "waive any discrimination claims."[1]  *Id*. ¶¶ 38, 40.  Shortly after his last day, GMC filled Pennington's position with a "far less qualified" individual who "was in his twenties."  *Id*. ¶¶ 51-53.  Pennington was 65 years old at the time of his termination.  *Id*. ¶ 15.

**B. Procedural History**

On December 29, 2022, Pennington filed suit in Baldwin County, Georgia Superior Court alleging GMC discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Georgia Fair

---

[1] Pennington alleges "any waiver of age discrimination claims that [he] may have executed is invalid as a matter of law" based on GMC's failure to comply with the Older Workers Benefit Protection Act, 29 U.S.C. § 626.  Doc. 1-2 ¶ 54.  GMC does not dispute this allegation as to Pennington's ADEA claim in its motion. Doc. 2 at 6 n.2.

Employment Practices Act ("FEPA").[2]  Doc. 1-2.  On February 1, 2023, GMC removed the case to this Court based on federal question jurisdiction.  Doc. 1.  GMC now moves to dismiss Pennington's ADEA claim based on (1) sovereign immunity, and (2) failure to state a claim.[3]  Doc. 2.  Pennington argues, based on *Williamson v. Department of Human Resources*, GMC is not entitled to sovereign immunity.  Doc. 4 at 9-10; 258 Ga. App. 113, 572 S.E.2d 678 (2002), *overruled by Augusta Judicial Circuit Office of the Public Defender v. Hodge-Peets*, 2024 WL 936551 (Ga. Ct. App. Mar. 5, 2024).  Because the validity of *Williamson* was at issue in a case pending before the Georgia Court of Appeals—*Hodge-Peets*—the Court stayed this case.  Doc. 8.  *Hodge-Peets* is now resolved, and GMC's motion to dismiss is ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss claims for lack of subject matter jurisdiction.  When subject matter jurisdiction is challenged, "the burden is on the plaintiff to prove that jurisdiction exists."  *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).  GMC argues the Court lacks subject matter jurisdiction because it is entitled to sovereign immunity against Pennington's ADEA claim.  Doc. 2 at 6-14.

---

[2] GMC argues dismissal of Pennington's FEPA claim is appropriate based on his "fail[ure] to comply with the necessary perquisites to avail himself of" Georgia's limited waiver of sovereign immunity provided under the FEPA.  Doc. 2 at 17.  Pennington agrees.  Doc. 4 at 9.  Accordingly, Pennington's FEPA claim is **DISMISSED**.

[3] Whether GMC is entitled to sovereign immunity is an issue of subject matter jurisdiction.  *See F.D.I.C. v. Meyer*, 510 U.S. 571, 475 (1994).  And without jurisdiction, the Court is "powerless to consider the merits."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting *Wernick v. Matthews*, 524 F.2d 543, 545 (5th Cir. 1975)).  Thus, it is improper to determine whether Pennington has failed to state a claim.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) generally takes one of two forms—a facial attack or a factual attack. *Garcia v. Copenhaver, Bell & Assocs. M.D.'s*, 104 F.3d 1256, 1260-61 (11th Cir.1997). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id*. at 1233. The parties have not introduced any material extrinsic to the pleadings, and the Court will look only to the complaint to determine whether there is jurisdiction.

### III. DISCUSSION

GMC argues it is entitled to sovereign immunity because (1) "the Supreme Court has held that the ADEA is unconstitutional as applied to the states," and (2) Georgia has not waived its immunity as to the ADEA.[4] Doc. 2 at 6-14. The Court agrees.

Sovereign immunity bars suit against a nonconsenting state. *Hufford v. Rodgers*, 912 F.2d 1338, 1340-41 (11th Cir. 1990). Under Georgia law, the state is entitled to sovereign immunity. Ga. Const. art. I, § 2, ¶ IX. And GMC, as an arm of the state, is

---

[4] GMC correctly acknowledges that it waived its Eleventh Amendment immunity by removing the case to this Court. Doc. 2 at 5, 9 n.3; *Lapides v. Bd. of Regents*, 535 U.S. 613, 624 (2002) ("[R]emoval is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter … in a federal forum."). The Court notes that, although it waived its Eleventh Amendment immunity, GMC did not "waive[] any defense it would have enjoyed in state court— including immunity from liability for particular claims." *Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013).

entitled to raise a sovereign immunity defense.[5]  Moreover, the Supreme Court has held "that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000).  Thus, GMC "is entitled to the benefit of the sovereign-immunity defense, but only to the extent that the [state] has not waived it."  *Carter v. Butts Cnty., Ga.*, 821 F.3d 1310, 1323 (11th Cir. 2016).

Pennington does not dispute the Supreme Court's holding in *Kimel*.  Doc. 4 at 5-6 ("Pennington does not dispute that the Supreme Court of the United States has ruled that Congress did not validly abrogate states' sovereign immunity when passing the ADEA.").  Rather, relying solely upon *Williamson*, he argues Georgia has waived its sovereign immunity as to ADEA claims.  *Id*. at 5-8.  In *Williamson*, the Georgia Court of Appeals held sovereign immunity did not bar the plaintiff's Americans with Disabilities Act ("ADA") claim against the state defendant "[b]ecause, in the FEPA, the state by legislative act waived its sovereign immunity as to state disability discrimination claims by its employees, [and] the state may not selectively cloak itself in sovereign immunity as to federal disability discrimination claims by its employees."  258 Ga. App. at 116, 572 S.E.2d at 681-82.  Because the FEPA also provides a remedy for employees who

---

[5] Without alleging any facts or providing any argument, Pennington states, in his brief, GMC is "a *purported* arm of the state" and declined to "address[] whether [GMC] is properly considered an arm of the State."  Doc. 4 at 4, 5 (emphasis added).  However, he alleges in his complaint that GMC is "a public educational entity created and recognized under the laws of the State of Georgia."  Doc. 1-2 ¶ 5.  He cites for that proposition (1) O.C.G.A. § 20-3-541, which provides: "There is created a public authority, a body corporate and politic, to be known as the Board of Trustees of the Georgia Military College, which shall be deemed an instrumentality of this state and a public corporation," and (2) a Georgia Court of Appeals case stating, "[a]s a state institution, GMC is entitled to sovereign immunity except to the extent sovereign immunity has been waived."  *Id*. (quoting *Bd. of Trs. of Ga. Mili. Coll. v. O'Donnell*, 352 Ga. App. 651, 654, 835 S.E.2d 688, 691-92 (2019)).  Moreover, the Court has previously considered this issue and concluded that GMC is an "arm of the state."  *Gray v. Bd. of Trs. of Ga. Mili. Coll.*, 2022 WL 683128, at *4-7 (M.D. Ga. Mar. 7, 2022); *Fields v. Bd. of Trs. of Ga. Mili. Coll.*, 2024 WL 375387, at *5-6 (M.D. Ga. Jan. 31, 2024).  Finally, Pennington has alleged no facts suggesting GMC's IT department, in its capacity as his employer, is not an instrumentality of the state.

experience age discrimination, Pennington argues *Williamson* necessarily extends to his ADEA claim, and GMC is thus not entitled to immunity.  Doc. 4 at 6-9; O.C.G.A. § 45-19-29.

However, in *Hodge-Peets*, the Georgia Court of Appeals overruled *Williamson* and held it was "wrongly decided."  2024 WL 936551, at *1.  The court found "no specific waiver of the State's immunity … under the FEPA."  *Id*. at *5.  As to the FEPA's reference to federal employment discrimination laws—including the ADEA—the court stated:

> Moreover, the FEPA's directive that it be broadly construed, and its intent not to "exclude" similar local and federal laws, does not translate to a universal inclusion of any such law … We cannot reasonably conclude the General Assembly intended that result.  As we construe this section, it merely states that the FEPA does not preclude or supersede any recourse available under similar local and federal laws; *not that it incorporates those laws and thus acts as a waiver of the State's sovereign immunity to them*.

*Id*. (emphasis added).[6]  Thus, Pennington's sole argument against dismissal is now meritless.  And the Court can find no other authority to support the assertion that Georgia has waived its sovereign immunity as to ADEA claims.

## IV. CONCLUSION

For the above reasons, GMC's motion to dismiss (Doc. 2) is **GRANTED**.  Pennington's complaint (Doc. 1-2) is **DISMISSED**.

**SO ORDERED**, this 25th day of March, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Georgia Court of Appeals also noted that federal district courts in Georgia have questioned, and sometimes "refuted," *Williamson*.  *Hodge-Peets*, 2024 WL 936551, at *6 n.13.