IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE PENNINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-cv-44 (MTT) |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| GEORGIA MILITARY COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Plaintiff George Pennington moves for relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b), or, alternatively, to extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a). Doc. 16.

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The purpose of a Rule 60(b) motion is to "permit the [Court] to … correct obvious errors or injustices." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).[1] To prevail on such a motion, a plaintiff "must provide a justification so compelling that the district court had to vacate the challenged order." *Bouazizi v. Hillsborough Cty. Civ. Serv. Bd.*, 844 Fed. Appx. 135, 140 (11th Cir. 2021) (quoting *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015).

Although Pennington does not identify a specific subsection of Rule 60 in his motion or briefs, he appears to argue that he is entitled to relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1); Doc. 16 ¶¶ 9-10.  Specifically, Pennington alleges that "it was a surprise to the parties and the Court" that the Appellee in *Hodge-Peets*[2] would file a petition for writ of certiorari with the Georgia Supreme Court on March 25, 2024.  Doc. 16 ¶¶ 9-10. Notwithstanding the outcome of the certiorari petition, this contention is unpersuasive. As the defendant points out in its response brief, the Appellee in *Hodge-Peets* filed a Notice of Intent to File a Petition for Writ of Certiorari on March 15, 2024, ten days before this Court entered judgment and nine days after the defendant filed a Notice of Authority regarding the Court of Appeals' decision in *Hodge-Peets*.  Doc. 15 at 5. Pennington had ample time to bring the certiorari petition to the Court's attention, but

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Before judgment, the Court stayed this action until the Georgia Court of Appeals ruled in *Hodge-Peets v. August Judicial Circuit Office of the Public Defender*, No. A23A1467 (Ga. Ct. App. Mar. 4, 2024) because, among other reasons, *Hodge-Peets* was "likely to have a substantial or controlling effect on the claims and issues in the stayed case." Doc. 8 at 7 (quoting *Miccosukee Tribe of Indians of Fla. V. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir 2009)).  And it did; when the Court of Appeals ruled, the Court granted the defendant's motion to dismiss and entered judgment on March 25, 2024.

apparently he did not check the Court of Appeals' docket during the 30-day appeal window.[3]

In any event, on the chance that Pennington is arguing that some "other reason [] justifies relief" from the Court's judgment, the *Hodge-Peets* petition for writ of certiorari was denied. Fed. R. Civ. P. 60(b)(6); Doc. 22-1. Consequently, no pending "appellate decision that is likely to have a substantial or controlling effect on the claims and issues" in the present case remains. *See Miccosukee Tribe*, 559 F.3d at 1198. Pennington has not met his burden to show a compelling justification to support relief from judgment.

The Court turns to Pennington's alternative motion for an extension of the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Rule 4(a)(5) allows the Court to extend the time for filing a notice of appeal if (1) the party moves no later than 30 days after the original deadline to appeal expires and (2) the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Pennington's reply brief makes clear that his motion is based on "'good cause,' not for missing any deadline or any other excusable neglect." Doc. 18 at 5. Pennington asserts that "the unusual circumstances of this case and its relation to the issues involved in the *Hodge-Peets* appeal should be considered the good cause necessary [to extend the time to file a notice of appeal]." *Id*. at 6. Because the issue in *Hodge-Peets* pertaining to this case

---

[3] O.C.G.A. § 5-6-38. Pennington denies that he is seeking relief from judgment based upon attorney error. *See* Doc. 18 n. 4 at 4 ("Penington's [sic] request is solely based on the fact that it only became apparent *after* this Court entered Judgment that the appeal on which this litigation depends had not come to a final conclusion.") For the reasons explained, the forthcoming certiorari petition was apparent from the Notice of Intent filed on March 15, 2024. The Court rejects Pennington's counsel's representation that "[i]t would be unreasonable to expect [counsel] to regularly and routinely check … [the] appellate court docket for any filings … [related to] the appeal on which this litigation depends." *Id.* at 4.

has been resolved with the Supreme Court's denial of the certiorari petition (Doc. 22-1), Pennington has failed to show good cause.[4]

Accordingly, Pennington's motion for relief from the Court's judgment, or, alternatively, to extend the time to file a notice of appeal (Doc. 16) is **DENIED**. Pennington shall file a response to the defendant's Bill of Costs by October 7, 2024.

**SO ORDERED**, this 24th day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Pennington does not explain why he failed to file a notice of appeal, which would have preserved Pennington's appeal rights regardless of the outcome of the *Hodge-Peets* appeal, and instead filed a "lengthier and far more time-consuming" motion for extension of the time to file a notice of appeal. Doc. 18 at 6.